UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH FRANKLIN CROTZ, III©,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | Case No. 1:24-cv-00538-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is pro se Plaintiff Kenneth Crotz's Motion for Summary Judgment (Dkt. 28), Motion to Strike (Dkt. 33), and Amended Motion for Summary Judgment (Dkt. 35). Defendant Experian opposes all three Motions.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES each of Crotz's Motions.

## II. BACKGROUND

On November 5, 2024, Crotz filed suit against Experian. Dkt. 1. He later filed an Amended Complaint. Dkt. 20.

MEMORANDUM DECISION AND ORDER – 1

Experian is a consumer reporting agency regulated under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq ("FCRA"). In his Amended Complaint, Crotz brings claims against Experian for violations of the FCRA.

After the Amended Complaint was filed, Experian answered (Dkt. 26), and the Parties filed a Joint Litigation and Discovery Plan (Dkt. 21). The Court subsequently entered a Scheduling Order consistent with the Parties' proposal. Dkt. 22. That Scheduling Order set a deadline of June 17, 2025, for the completion of all discovery and a deadline of July 15, 2025, to file dispositive motions. Dkt. 22. To date, neither side has served any written discovery, and no depositions have been conducted.

On February 27, 2025, Crotz filed a Motion for Summary Judgment. Dkt. 28. In response, Experian asked the Court to deny the Motion or defer consideration under Federal Rule of Civil Procedure 56(d) until discovery is complete. Dkt. 32.

Crotz then filed a Motion to Strike Experian's Response (Dkt. 33) and a reply to his original motion (Dkt. 34). He also filed an Amended Motion for Summary Judgment; however, the document itself contains Crotz's "Response to Defendant's Answer and Affirmative Defenses." Dkt. 35. Responses and replies trickled in, and the matters are now ripe for review.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

*Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.*

When a party opposing a motion for summary judgment cannot present facts essential to justify their opposition to the motion, Federal Rule of Civil Procedure 56(d) permits the party to submit an affidavit or declaration stating the reasons it is unable to present the evidence. The court may continue or deny the motion if the opposing party needs to discover essential facts. The burden is on the party seeking additional discovery to demonstrate: (1) the information sought would prevent summary judgment, and (2) that the information sought exists. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009);[1] *Maple v Rainbow's End Recovery Ctr.*, 2018 WL 443440 (D. Idaho Jan. 16, 2018)

### IV. ANALYSIS

#### A. Motion for Summary Judgment (Dkt. 28)

In his Motion for Summary Judgment, Crotz avers that Experian failed to comply with its statutory obligations under the FCRA in various ways. *See generally* Dkt. 28. Crotz baldly states that "the evidence clearly shows" Experian's failures. *Id.* at 2. But Crotz does not cite to any documents, testimony, information, or evidence in support of these broad

---

[1] Subdivision (d) was previously numbered as subdivision (f) prior to the 2009 amendments to the Federal Rules of Civil Procedure. While *Blough* makes reference to Rule 56(f), Rule 56(d) carries forward without substantial change the provisions of former subdivision (f). *See Notes of Advisory Committee on 2010 Amendments*.

**MEMORANDUM DECISION AND ORDER – 3**

claims for relief.[2] And for good reason. The parties have not yet engaged in discovery. No requests have been propounded, no documents have exchanged hands, and no depositions have been taken.[3]

It is for this primary reason that Experian asks the Court to deny Crotz's Motion outright or, at the very least, delay ruling until Experian has had a full and fair opportunity to conduct discovery and respond to Crotz's allegations in his Motion for Summary Judgment. Dkt. 32.

As required by Federal Rule of Civil Procedure 56(d), Experian has also stated—via declaration—specific reasons why it cannot respond to Crotz's Motion at this time. Dkt. 32-1. Again, the primary reason is because there has not been any meaningful exchange of discovery. Specifically, in the months remaining before the discovery deadline, Experian hopes to review Crotz's credit report, assess what measures it took to investigate the disputes Crotz raised before this lawsuit began, analyze what information had been furnished regarding Crotz's accounts, and ultimately whether the information it reported on Crotz's credit report was accurate. *Id*. at 2. Experian also desires to investigate what entities requested a copy of Crotz's credit report and for what purpose and how Crotz was damaged by its alleged acts or omissions. *Id*. at 2–3.

---

[2] To be fair, Crotz cites to notices *he* sent Experian prior to this lawsuit where he apparently raised his concerns. Dkt. 28, at 3, 4.

[3] A few months have passed since these filings. Discovery had not begun at the time of the Parties' briefs. The Court does not know what the status of discovery is at the present time. Even if discovery has commenced, Experian still has the right to complete its investigation before responding to Crotz's Motion.

**MEMORANDUM DECISION AND ORDER – 4**

Experian has met its burden under Rule 56. While the Court appreciates Crotz's desire to move this case forward, he must do so in a fair and measured way. That includes letting the other side investigate his claims via the normal discovery process. His Motion, therefore, is simply too early. For these reasons, the Court DENIES Crotz's Motion without prejudice and subject to refiling once the discovery period has closed.[4]

### B. Motion to Strike (Dkt. 33)

In this Motion, Crotz asks that the Court strike Experian's Response to his Motion for Summary Judgment. Dkt. 33. Crotz's basis for this motion is his disagreement with Experian's arguments contained in their responsive brief. But that is not the purpose of a motion to strike. Crotz can—and did—raise his arguments in opposition to Experian's arguments in his reply brief. *See* Dkt. 34. In sum, a Motion to Strike is not the correct vehicle for responding to the opposing sides' arguments. Crotz's reply served that purpose.

This Motion is DENIED.

### C. Amended Motion for Summary Judgment (Dkt. 35)

As noted, this is not actually an Amended Motion for Summary Judgment. Though so captioned, the subsequent title Crotz included states that it is "Plaintiff's Response To Defendant's Answer and Affirmative Defenses." Dkt. 35, at 1. The included arguments all appear to be responses and counter-arguments to Experian's affirmative defense contained in its Answer (Dkt. 26).

---

[4] Rather than defer and hold briefing in abeyance, the Court will deny Crotz's Motion outright. That way, once discovery is complete, either side can file a motion, and the Court's standard briefing schedule will apply.

**MEMORANDUM DECISION AND ORDER – 5**

Crotz need not have responded to Experian's Answer. An answer is merely a response to a complaint that lays out, among other things, defenses, admissions, and denials as required by Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(b). There is no requirement that a Plaintiff respond to a Defendant's Answer unless the Court so orders. *See* Fed. R. Civ. P. 7(a)(7).

Thus, the information contained in this document is irrelevant. And to the extent this filing is a motion of some kind, it is DISMISSED as MOOT.

## V. CONCLUSION

Crotz filed his Motion for Summary Judgment too early in this case. Both sides are entitled to a fair opportunity to investigate the claims (and defenses) at issue and bring them to the Court with the assistance of a fully-developed record. For these reasons, the Court will deny Crotz's Motion for Summary Judgment and allow discovery to conclude.

## VI. ORDER

1. Crotz's Motion for Summary Judgment (Dkt. 28) is DENIED as premature.

2. Crotz's Motion to Strike (Dkt. 33) is DENIED.

3. Crotz's Amended Motion (Dkt. 35) is DISMISSED as MOOT.

DATED: May 12, 2025

David C. Nye
Chief U.S. District Court Judge